On writ of certiorari (372 U.S. 974) to review the action of the United States Court of Claims in refusing to pass on the merits of the petitioner’s claim for compensation alleged to be due under a 1955 Department of Defense regulation and, applying the doctrine of exhaustion of administrative remedies, in ordering the proceedings suspended pending petitioner’s pursuit of further administrative remedies made available in 1960 by the Department of Defense, the Supreme Court on February 17, 1964, reversed (376 U.S. 149) holding that the petitioner’s rights had matured under the 1955 regulations; that it would be unjustifiable to give the 1960 regulation retroactive effect since it had been issued after petitioner’s claim was asserted; that the District Court’s *754 order on remand from tbe Supreme Court in Greene v. McElroy, 360 U.S. 474 (1959), voiding all determinations adverse to petitioner, had the effect of reinstating his security clearance between the time of his discharge by the private corporation and the District Court’s expungement order, which order constituted a final and favorable determination within the meaning of the 1955 regulation; that the petitioner having established the Government’s improper denial of security clearance by failure to provide fair procedures, was entitled to recover under the 1955 regulation in an equitable amount for any loss of earnings during the interim resulting directly from a suspension of clearance without assuming the additional burden of showing at a later time that if he had been afforded fair procedures he would have been able to demonstrate that he was entitled to access authorization to classified information; and that since the right of petitioner to recover under the applicable 1955 regulation did not require a determination of his present eligibility, the administrative remedies provided under the subsequent 1960 regulation, which would have required such a determination, are inappropriate and inadequate and therefore need not be exhausted. The case was remanded to the Court of Claims for a determination of the amount of restitution due petitioner. On March 20, 1964, the Court of Claims vacated and withdrew its order of December 5, 1962, suspending proceedings in petitioner’s case, and remanded the case to the trial commissioner to determine the amount of recovery due plaintiff. On June 19,1964, the court ordered that judgment be entered for plaintiff in the sum of forty-six thousand five hundred thirty dollars and ninety-nine cents ($46,530.99).